IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TIFFANY INGRAM                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO.: 2:11-CV-136-SA-SAA

PIZZA HUT                                                          DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [39]. Because there is no genuine dispute of material fact and judgment as a matter of law is due in favor of Defendant, the Court grants that motion.

## FACTUAL BACKGROUND

Tiffany Ingram was initially employed by Pizza Hut as a restaurant manager on November 18, 2008. She was terminated June 9, 2009 and subsequently filed charges of racial and sexual discrimination with the Equal Employment Opportunity Commission (EEOC) on February 5, 2010. Although Plaintiff averred in her complaint that she had been misled by the EEOC regarding the limitations period for filing an administrative charge of discrimination, she now admits that her first contact with the EEOC regarding the subject complaint occurred on December 9, 2009.

Ingram initiated the instant suit against Pizza Hut June 22, 2011, alleging both race and sex discrimination in violation of Title VII. Defendant thereafter filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). This Court denied that motion on grounds that the factual averments of the Plaintiff's complaints gave rise to the possibility that equitable

tolling might be applicable in regard to Plaintiff's failure to timely file a charge. Following sufficient time for discovery, Defendant has now lodged the present motion for summary judgment. Plaintiff has failed to respond.

SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals both that there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have

never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## DISCUSSION

As a threshold matter, the filing of an administrative complaint is a non-dispensable pre-requisite to bringing suit under the legislative protections of Title VII. Thomas v. Atmos Energy Corp., 223 F. App'x 369, 376 (5th Cir. 2007). Although the plaintiff need not "check a certain box or recite a specific incantation to exhaust his or her administrative remedies," the plaintiff must file a charge containing the crucial element of the allegation and a factual statement providing the grounds thereof. See Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006); Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 879 (5th Cir. 2003).

In Mississippi, an aggrieved plaintiff has 180 days following a retaliatory or discriminatory act in which to file a charge with the EEOC. 42 U.S.C. § 2000e-9(e)(1); Nilsen v. City of Moss Point, 621 F.2d 117, 121 (5th Cir. 1980). The court has applied this statutory limit with precision, finding that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Nat'l R.R. Passenger Corp. v. Morgan, 566 U.S. 101, 108, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Notably, however, the timely filing of an EEOC charge is not a jurisdictional prerequisite and is thus subject to equitable tolling under appropriate circumstances. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L.Ed.2d 234 (1982).

The Fifth Circuit has before laid out several possible grounds for tolling the time period for an EEOC charge, including the EEOC misleading the plaintiff about the nature of her rights.

Harrison v. Estes Express Lines, 211 F. App'x 261, 264 (5th Cir. 2006) (citing Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402 (5th Cir. 1995)). The court has articulated that such tolling may be appropriate when the plaintiff is affirmatively misled or discouraged from filing a claim by an EEOC employee. See id. at 265; see also Alsaras v. Dominick's Finer Foods, 248 F.3d 1156, *3 (7th Cir. 2000) (noting that *pro se* plaintiffs may be particularly entitled to attempt to show tolling is appropriate based on misguidance by an agency).

In the case at hand, Ingram's EEOC charge was filed February 5, 2010, over 240 days after her termination. Although Ingram specifically alleged in her Complaint that she was provided inaccurate information by the EEOC and submitted her charge according to the statutory limit with which they provided her, the uncontroverted facts before the Court now show that Plaintiff did not even initially contact the EEOC until after her deadline to file a charge had run. It is undisputed that Plaintiff was terminated June 9, 2009. See Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002) (noting that the limitations period on an employment discrimination claim begins to run when the complainant knows or reasonably should have known that the challenged act has occurred). In Mississippi, an individual has 180 days following an alleged retaliatory or discriminatory act in which to file a charge with the EEOC. 42 U.S.C. § 2000e-9(e)(1); Nilsen, 621 F.2d at 121. Even according to Ingram's own deposition testimony, however, she first contacted the EEOC regarding her allegedly discriminatory termination on December 9, 2009. That initial contact with the EEOC therefore occurred outside the Plaintiff's 180 day window.

Although tolling the time period for an EEOC charge may be appropriate in some cases, equitable tolling is to be applied sparingly and the plaintiff has the burden of providing

justification for its invocation. Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011). Additionally, while the court is more forgiving where a party has exercised due diligence in pursuing her rights, simple error or neglect leans against tolling the period. Id. (citing Wilson, 65 F.3d at 404-05. It is considered relevant "whether the plaintiff took some step recognized as important by the statute before the end of the limitations period." Id. (quoting Perez v. United States, 167 F.3d 913, 918 (5th Cir. 1999)).

Quite simply, the Court finds no basis for invoking the doctrine of equitable tolling in the case at hand. Plaintiff has failed to respond to Defendant's motion for summary judgment and has made no affirmative showing as to why she should be entitled to such relief. Additionally, although Plaintiff initially claimed that she had been affirmatively misled by the EEOC, it is now clear that she did not even contact the EEOC until after her statutory window expired. As well-established under the law of this Circuit, only rare and exceptional circumstances justify the doctrine of equitable tolling. Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002). Those circumstances are not present here, and Plaintiff therefore failed to exhaust her administrative remedies as required by Title VII.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [39] is GRANTED.

SO ORDERED, this the 7th day of March, 2013.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**